## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KOREY COOMBS,

      Plaintiff,

v.                                                                                                  No. 1:15-CV-00898 WJ/WPL

CHARLES "TONY" HAMILTON,
TRUCKER CHARITY, INC.,
THE WORTHINGTON COMPANY,
RED DEVIL LEASING CO.,
RYDER SYSTEM, INC., and
GUNDERLIN, LTD., INC.,

      Defendants.

### CONFIDENTIALITY ORDER

THIS MATTER having come before the Court on the stipulation of Defendants, Charles "Tony" Hamilton, Trucker Charity, Inc., The Worthington Company, and Red Devil Leasing Co., by and through their counsel of record, O'BRIEN & PADILLA, P.C., by Daniel J. O'Brien and Devon P. Moody, and Plaintiff Korey Coombs, by and through his counsel of record, WEETH LAW OFFICE, by George Weeth, and non-party Otis Elevator Company ("Otis"), by and through its counsel of record, SEYFARTH SHAW, by Laura Maechtlen, for a protective order regarding the confidentiality of certain information produced in compliance with the Subpoena issued to Otis Elevator Company ("Otis"), dated August 24, 2016 ("Subpoena"), and the Court being fully advised in the premises, finds that the parties are entitled to maintain the confidentiality of the following documents and information.

   **IT IS THEREFORE ORDERED:**

The following documentation may hereby be identified as "**CONFIDENTIAL**" for the purposes of this lawsuit by Otis and/or any of the Parties listed above,, to the extent such documents exist:

    a.    Any non-privileged investigation documents regarding an August 29, 2012 accident involving Korey Coombs, an employee of Otis;

    b.    Korey Coombs' entire employee/personnel file, including but not limited to formal or on the job training of any kind provided by Otis or any other individual or entity; pay stubs/statements for Korey Coombs from August 29, 2012 to the present; and a job description for the job Korey Coombs had on August 29, 2012;

    c.    Any and all correspondence between Otis and Korey Coombs following, and relating to, the August 29, 2012 accident;

    d.    A copy of the Job Hazard Analysis form created in connection with the job to be performed by Korey Coombs and Daniel Brown on August 29, 2012;

    e.    Any and all documentation provided to employees located in and/or working in Albuquerque, New Mexico at weekly and monthly training meetings on the topic of hoisting and rigging, including, but not limited to: electronically stored information such as power point slides, video footage, and any other information available regarding training provided to employees on hoisting and rigging from 2010 to the present;

    f.    A copy of the Otis safety handbook in effect on August 29, 2012;

    g.    A copy of the August 29, 2012 phone records for the telephone Otis provided to Korey Coombs to the extent they are available; and

Counsel may inspect or request photocopies of **CONFIDENTIAL** documents or other materials produced by Otis, provided that the counsel or party duplicating **CONFIDENTIAL** documents shall maintain a record of the documents that are copied.  Documents shall not lose their **CONFIDENTIAL** status if they are commercially photocopied or duplicated.

No one may disseminate, or distribute the **CONFIDENTIAL** documents produced by Otis to persons who are not authorized to use them or view them pursuant to the terms of this Order.

The **CONFIDENTIAL** documents produced by Otis, summaries of these documents, information, or extracts therefrom, or exhibits based thereon(collectively "**CONFIDENTIAL MATERIAL**" shall not be disclosed to any individuals other than the parties in this lawsuit and employees of Charles "Tony" Hamilton, Trucker Charity, Inc., The Worthington Company, Red Devil Leasing Co., counsel, persons employed by counsel, consultants and expert witnesses retained by counsel in this lawsuit.

**CONFIDENTIAL MATERIAL** produced by Otis are permitted to be used at trial in this matter only as exhibits, demonstrative aids, or in any other capacity at trial.  In the event the case is tried before a jury **CONFIDENTIAL MATERIALS** shall be subject to the Court's procedures and directions for the provision of such material to jury members.

**CONFIDENTIAL MATERIAL** may be used at hearings and depositions, in this matter. For testimony given in deposition or in other pretrial proceedings, the Party sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all **CONFIDENTIAL MATERIALS**. Transcript pages containing **CONFIDENTIAL MATERIALS** must be separately bound by the court reporter, who must affix to each such page the legend "**CONFIDENTIAL**."

Any notes, memoranda, identification or index relating to the **CONFIDENTIAL MATERIALS** shall be considered **CONFIDENTIAL** to the same extent as a document produced or discovered pursuant to this order.

**CONFIDENTIAL** documents produced by Otis may only be used for the purposes of prosecuting or defending this lawsuit.

If a party that receives **CONFIDENTIAL MATERIAL** is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "**CONFIDENTIAL**" that party must so notify Otis's counsel below, immediately by e-mail and in no event more than three calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Party receiving the subpoena must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Order. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford Otis in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If a party receiving **CONFIDENTIAL MATERIAL** learns that, by inadvertence or otherwise, it has disclosed **CONFIDENTIAL MATERIAL** to any person or in any circumstance not authorized under this Order, it must immediately: (a) notify in writing Otis of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the **CONFIDENTIAL MATERIAL** and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

By stipulating to the entry of this Order Otis does not waive any right it otherwise would have to object to disclosing or producing any information or item on any ground.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect.

*William P. Lynch*
THE HONORABLE WILLIAM P. LYNCH

Approved as to form and substance:

WEETH LAW OFFICE

By: *Approved via email 10/31/16*
    GEORGE W. WEETH
    P.O. Box 91478
    Albuquerque, NM 87199-1478
    Phone: (505) 828-1122
    weethlaw@comcast.net
    *Attorney for Plaintiff Coombs*

O'BRIEN & PADILLA, P.C.


By: */s/ Devon P. Moody*
    DANIEL J. O'BRIEN
    DEVON P. MOODY
    6000 Indian School Road N.E., Suite 200
    Albuquerque, NM 87110
    (505) 883-8181
    dobrien@obrienlawoffice.com
    dmoody@obrienlawoffice.com
    *Attorneys for Defendants Charles "Tony"*
    *Hamilton, Trucker Charity, Inc., The Worthington*
    *Company, and Red Devil Leasing Co.*

SEYFARTH SHAW

By: *Approved via email 11/16/16*
    LAURA MAECHTLEN
    560 Mission St, 31st Floor
    San Francisco, CA 94105
    (415) 5441011
    trusche@seyfarth.com
    *Attorneys for Otis Elevator Company*