IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KOREY COOMBS,

       Plaintiff,

v.                                                                CV 15-898 WJ/WPL

CHARLES "TONY" HAMILTON,
TRUCKER CHARITY, INC.,
THE WORTHINGTON COMPANY,
RED DEVIL LEASING CO.,
RYDER SYSTEM, INC., and
GUNDERLIN LTD., INC.,

       Defendants.

## ORDER GRANTING MOTION TO EXTEND DISCOVERY DEADLINE
## AND RESETTING CERTAIN PRETRIAL DEADLINES

On November 10, 2016—the date on which discovery in this case closed—Defendants Charles "Tony" Hamilton, Trucker Charity, Inc., The Worthington Company, and Red Devil Leasing Co. filed an opposed motion to extend discovery in order to take the deposition of Rob Fay. (Doc. 103.) I expedited briefing in this matter, and Plaintiff Korey Coombs timely filed his response (Doc. 107) and the Defendants filed a reply (Doc. 109). As an alternative to Coombs's argument that I should deny the motion to extend time, he asked that I allow him to take additional depositions, as well, and direct the Defendants to cover any of his costs incurred by these depositions. (*See* Doc. 107.) As explained below, I grant the motion to extend time, reset certain pretrial deadlines as explained herein, and decline Coombs's request to direct the Defendants to cover his costs incurred by this extension.

The Defendants wish to depose Rob Fay, an employee of Kitchell Corporation, in Phoenix. Kitchell's general counsel will not allow Kitchell employees to sit for a deposition

voluntarily, and instead required the parties to obtain subpoenas. Fay created an incident report after the accident underlying this case. Defendants assert that they contact Kitchell's general counsel, but had difficulty reaching him and difficulty scheduling a deposition.

Coombs opposes this request entirely. If I grant the request, however, Coombs asks that I allow him to take the depositions of three additional Kitchell employees, direct the Defendants to schedule Fay's deposition at a time when the three additional employees could be deposed, and order the Defendants to pay Coombs's attorney's expenses to travel to the depositions.

The parties correctly articulate the standard for amending a scheduling order. Federal Rule of Civil Procedure 16(b)(4) articulates the primary standard for modifying a scheduling order: "good cause." "Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citing *United States v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986)). When considering a motion to extend or reopen discovery, courts should consider

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery . . . , and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (citing *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984); *Wilk v. Am. Med. Assoc.*, 719 F.2d 207, 232 (7th Cir. 1983), *cert. denied* 467 U.S. 1210 (1984); *Geremia v. First Nat'l Bank of Boston*, 653 F.2d 1, 5-6 (1st Cir. 1981)).

Trial has not been scheduled in this matter, so any extension of discovery would not impact the trial setting. This weighs in favor of granting the request. The request is, indeed, opposed, which weighs against granting the request.

The remaining four factors are more complicated. As to prejudice, Coombs claims that he would be prejudiced by granting the request, but argues that the prejudice would be additional attorney's fees and travel expenses. While I recognize that traveling to Phoenix for additional depositions would require Coombs to incur additional costs, he has the option of attending the depositions remotely. Even so, litigation is expensive. The additional costs associated with extending discovery for a short time and allowing several additional depositions are important. This factor weighs against granting the request.

The parties dispute whether the Defendants were diligent in obtaining discovery within the established time-frame. Coombs argues that his attorney informed defense counsel of the contact information for Kitchell's general counsel early in the discovery process, but that emails attached to his response prove defense counsel did not attempt to contact Kitchell's general counsel until early-to-mid October, approximately four weeks before the close of discovery. The attached emails in fact show that Coombs's counsel sent an email to defense counsel on September 22, 2016, with contact information for Kitchell's general counsel. (Doc. 107 Ex. 4.) On October 17, 2016, defense counsel emailed Coombs's counsel and said that she had "called early last week and left a voicemail" for Kitchell's general counsel, but did not hear back from him. (Doc. 107 Ex. 6.) Discovery closed on November 10, 2016.

There are no hard and fast rules for what constitutes diligence in obtaining discovery. Under the circumstances, I find that Defendants were diligent in attempting to schedule the deposition of Fay. While Defendants could certainly have started the scheduling process earlier in discovery, there is no rule that requires depositions to be set—or requires counsel to attempt to set depositions—two or three or six months before the close of discovery. In this case, this factor weighs in favor of granting the request.

The foreseeability of the need for Fay's deposition is wrapped up in the fourth factor, discussed above. While I agree that the need for Fay's deposition—and perhaps the depositions of other Kitchell employees—was foreseeable, I have already found that the Defendants diligently attempted to schedule this deposition. Under the circumstances, this factor is neutral.

Finally, I must consider whether the depositions are likely to lead to relevant evidence. Coombs argues that "Defendants have made no showing of why Mr. Fay is necessary to their case." (Doc. 107 at 5.) I agree with this statement, but that is not the standard. Coombs does not make any argument as to why Fay's deposition would not lead to relevant evidence. On the contrary, the Defendants argue that Fay's testimony would lead to evidence about how he investigated and created the report immediately following this accident. (Doc. 109 at 3.) I find that Fay's deposition is likely to lead to relevant evidence, and this factor weighs in favor of granting the extension.

On balance, the factors counsel in favor of granting the Defendants' motion and extending discovery. The original request was to extend discovery through November 30, 2016. Because it took time to receive and review complete briefing on the motion, I extend that time. Additionally, I agree with Coombs that it is only fair to allow him to schedule and take the depositions of other Kitchell employees.

The parties may schedule and take, if they are able, the depositions of Fay and the other three designated Kitchell employees by December 21, 2016. For the purpose of these depositions only, the deadline to complete discovery is extended until **December 21, 2016**. Motions relating to discovery are due no later than **December 28, 2016**. Dispositive motions, including *Daubert* motions, are due no later than **January 4, 2016**.

The parties are reminded that, should they complete discovery before December 21, they are free to file their motions in advance of the listed deadlines.

It is so ordered.

                                                                                                                            _____
William P. Lynch
United States Magistrate Judge